IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HARGETT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| PHILLIPS 66 CO., | § | |
| | § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff John Hargett files this Complaint against Defendant, Phillips 66 Co., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA").   For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES

1.      Plaintiff John Hargett (hereinafter "Plaintiff" or "Hargett") is a Texas resident who was employed by the Defendant at a facility within the Southern District of Texas.

2.      Defendant Phillips 66 Company (hereinafter "Defendant" or "Phillips 66")  is an entity which can be served with process through its registered agent, .

## II.
## JURISDICTION

3.      The Court has federal question subject matter jurisdiction (28 U.S.C. § 1331) because this action arises under Title I of the Americans with Disabilities Act, as amended.

4.      Defendant  is an employer within the meaning of the above-referenced statute. Plaintiff is an employee within the meaning of the above-referenced statute.

---

PLAINTIFF'S ORIGINAL   COMPLAINT - Page 1

5.      Plaintiff  has completed   all conditions precedent to filing this suit. Within 300 days of the acts of which he complains Plaintiff filed a charge with the Equal Employment Opportunity Commission, Charge No. 460-2021-04625, in which he alleged disability discrimination and refusal to accommodate.   He received a Notice of Right to Sue from the EEOC and filed this suit within 90 days of receipt of the Notice of Right to Sue.

### III.
### VENUE

6.      Venue is proper in the Southern District of Texas under 28 U.S.C. §1391 because Plaintiff's claims arose within the Southern District of Texas and because defendant does business and maintains relevant documents within said district.

### IV.
### FACTS

7.      Phillips 66 is a refinery company headquartered out of Houston, Texas.   Hargett began work for the Defendant in August of 2000.    At the time of his termination he was working as a console operator at the Defendant's Sweeny, Texas facility.   At all times Plaintiff performed his duties in a satisfactory manner.

8.      During the course of his employment, Mr. Hargett was moved to the console operator position.   In 2007 he was diagnosed with hereditary spastic parapalygia, which is a hereditary disease and constituted a disability under the provisions of the Americans with Disabilities Act, as amended.   He ultimately began having symptoms from the disease and was forced to rely on the assistance of a cane at various times.

9.      He was told by the Defendant that he would be assigned to the console position within operations, which did not require him to do all of the strenuous activities required in other areas of the operations position.

10.     Nonetheless, the Defendant later requested that Mr. Hargett provide a letter from his doctor listing his physical restrictions.  Mr. Hargett complied but the company thereafter, refused to accommodate him by letting him continue to work as a console operator, a position which he had performed (with accommodations) for years.   It instead placed him on short term disability leave.

## V.
## FIRST CAUSE OF ACTION

11.     Defendant violated the Americans with Disabilities Act by refusing to reasonable accommodate his need to work as a console operator working exclusively at the console.

12.     Defendant violated by the Americans with Disabilities Act by discharging Plaintiff placing him on short term disability instead of permitting him to continue working.

13.     Plaintiff was at all relevant times qualified to   perform the essential functions of his job, initially with reasonable accommodations, namely being permitted to work exclusively at the console as an operator, which he had been doing for years.   Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

14.     Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

15.     Defendant wholly failed to enter into the interactive process with Plaintiff, firing him instead.

## VI.
## DAMAGES

16.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and

front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## COMPENSATORY DAMAGES

17.     Defendant intentionally engaged in an unlawful employment practice by refusing to accommodate and placing him on short term disability.  Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.
## PUNITIVE DAMAGES

18.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## IX.
## ATTORNEYS' FEES AND EXPERT FEES

19.     Plaintiff seeks reasonable attorneys fees for his counsel, as well as cost of court and expert witness fees.

## PRAYER

20.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.    The Court assume jurisdiction of this cause;

2.    The Court award Plaintiff economic, compensatory and punitive damages as specified above;

3.    The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.    The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.    The Court award Plaintiff  pre- and post-judgment interest at the highest rates allowed.

6.    Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY DEMAND

Plaintiff demands a jury on all claims to which he is entitled.

Respectfully submitted,
**THORPE & HATCHER**
4925 Greenville Avenue Suite 200
Dallas, TX 75202
214/969-5500

/s/ *Carla S. Hatcher (by Andrew S. Golub)*
Steven B. Thorpe
State Bar No. 1990500
Carla S. Hatcher
State Bar No. 09219500

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

DOW GOLUB REMELS & GILBREATH, PLLC
Andrew S. Golub
asgolub@dowgolub.com
State Bar No. 08114950
S.D. Tex. I.D. No. 13812
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
713-526-3700